JOURNAL ENTRY and OPINION
{¶ 1} Appellant Thomas Hoskins appeals from the trial court's denial of his motion to suppress evidence and subsequent conviction following a plea of no contest to possession of crack cocaine in violation of R.C. 2925.11. Hoskins assigns the following as error for our review:
 {¶ 2} THE TRIAL COURT ERRED IN DENYING MOTION [SIC] TO SUPPRESS EVIDENCE.
{¶ 3} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
{¶ 4} At 9:24 p.m., on December 17, 2000, Cleveland Police Officer Robert Martin and his partner patrolled near East 149th Street and Upton Avenue, Cleveland. Officer Martin witnessed a vehicle driving with its passenger door wide open. The officers stopped the vehicle for possible violations of Cleveland Codified Ordinances pertaining to driving in traffic with an open door and reckless driving.
{¶ 5} Because of the high incident of drug and gun activity in the vicinity in conjunction with the passenger door being open, both officers approached the vehicle. Officer Martin approached on the passenger's side in a technique designed to cover his partner as he approached the driver. Officer Martin, trained to watch the occupants' hands for signs of danger, noticed Hoskins' right hand placed down the front of his pants. Concerned Hoskins was concealing or reaching for a gun, Officer Martin ordered Hoskins out of the car, handcuffed him, and conducted a safety pat down search for the presence of weapons.
{¶ 6} During the pat down, Officer Martin felt an object he immediately identified as crack cocaine in the area of Hoskins' right thigh near the area where his hand had been. Upon completion of the pat down, Officer Martin shook Hoskins' pant leg, causing the object to fall to the ground. Officer Martin retrieved the object which was determined to be a baggie of crack cocaine.
{¶ 7} A grand jury indicted Hoskins for possession of drugs in violation of R.C. 2925.11. Prior to trial, Hoskins moved to suppress the crack cocaine as poisonous fruit obtained incident to an unlawful search. The trial court denied the motion, and Hoskins pled no contest. Following trial, the court found Hoskins guilty as charged in the indictment. This appeal followed.
{¶ 8} In his assigned error, Hoskins argues the trial court erred by denying his motion to suppress the crack cocaine found on his person following the traffic stop. We disagree.
{¶ 9} Our standard of review in resolving an appeal stemming from a motion to suppress is as follows:
 {¶ 10} In a motion to suppress, the trial court assumes the position of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard.[1]
{¶ 11} Our first query is whether the police officers justifiably stopped the vehicle in which Hoskins rode. Under the Terry rule,[2] a police officer may make a brief, warrantless, investigatory stop of an individual without probable cause if the officer reasonably suspects the individual is, or has been, involved in criminal activity.[3] To comply with Terry, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."[4] This standard for evaluating the officer's conduct is objective: "would the facts available at the moment of seizure or search `warrant a man of reasonable caution in the belief' that the action was appropriate."[5]
{¶ 12} At trial, Officer Martin testified he witnessed the car in which Hoskins rode being driven with its passenger door wide open. The officers stopped the vehicle because such conduct is violative of Cleveland Codified Ordinance sections 451.07 and 433.02.
{¶ 13} As Hoskins argues, the police lacked a reasonable suspicion to stop him, per se. Nevertheless, reasonable suspicion of criminal activity sufficient to stop the vehicle in which he was riding existed because the others observed violations of Cleveland ordinances. The Ohio Supreme Court has determined stops based upon even minor traffic violations do not run afoul of the Fourth Amendment even if the stopping officer harbors an "ulterior motive for making the stop, such as suspicion that the violator was engaged in more nefarious criminal activity."[6] Thus, despite Hoskins' argument to invalidate the vehicle stop due to the incidental nature of his presence, the officers justifiably stopped the vehicle.
{¶ 14} Our next query is whether the officers justifiably ordered Hoskins from the vehicle. In Pennsylvania v. Mimms,[7] the Supreme Court held a police officer may order a driver from his or her vehicle if properly stopped for a traffic violation, even if the officer does not have reasonable suspicion of criminal activity. As explained by the Ohio Supreme Court, such an order is a minimal additional intrusion that does not necessitate justification "by any quantum of suspicion."[8] By virtue of the Supreme Court's subsequent decision in Maryland v.Wilson,[9] the Mimms rule extends to passengers of a motor vehicle. Thus, even if Hoskins had not placed his hand in his pants in a manner causing Officer Martin to suspect he possessed a weapon, the officers were free to remove Hoskins from the vehicle because it was properly stopped for traffic violations.
{¶ 15} Our final query is whether Officer Martin conducted a justifiable pat down search of Hoskins. In answering this question, we again look to Terry. The mere fact that an officer has ordered an occupant from his or her vehicle does not bestow upon the officer entitlement to conduct a Terry search;[10] however, Terry permits a limited protective search of the detainee's person for concealed weapons if the officer reasonably determines the detainee is "armed and presently dangerous to the officer or to others * * *."[11] In determining the propriety of the Terry search, "the question we must ask is whether, based upon the totality of the circumstances, the officer had a reasonable, objective basis for frisking the defendant after ordering him out of the car."[12]
{¶ 16} When Officer Martin approached the vehicle he noticed Hoskins' right hand placed down the front of his pants in a posture leading him to believe Hoskins was hiding or retrieving a weapon. Further, we recall this incident occurred at 9:24 p.m. in an area Officer Martin recognized as a high drug area where shootings have occurred. Also, in Officer Martin's experience, driving with an open car door is indicative of an attempt to dispose of drugs or weapons. Based upon the totality of these circumstances, we conclude Officer Martin had a reasonable, objective basis for conducting a Terry search of Hoskins.
{¶ 17} Furthermore, although Terry limits the scope of a search to weapons, the discovery of other contraband during a Terry search will not necessarily preclude admissibility. In Minnesota v. Dickerson,[13] the United States Supreme Court adopted the "plain feel" doctrine as an extension of the "plain view" doctrine.[14] In doing so, the Supreme Court stated:
 {¶ 18} If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context.[15]
{¶ 19} Here, the record clearly establishes that Officer Martin, during the course of a lawful Terry search, discovered what he immediately determined to be crack cocaine.
{¶ 20} Because the contraband was in "plain feel," Officer Martin did not violate Hoskins' constitutional right to be free from unreasonable searches.[16]
{¶ 21} Having determined that the facts of this case meet the appropriate legal standards for stopping and searching Hoskins, we determine the trial court did not err in denying Hoskins' suppression motion. The crack cocaine discovered on Hoskins' person was not fruit of a poisonous tree and is thus admissible into evidence. Accordingly, Hoskins' assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] State v. Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172.
[2] Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct 1868.
[3] Id.
[4] Id. at 21.
[5] Id. at 21-22.
[6] Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431, syllabus.
[7] (1977), 434 U.S. 106, 98 S.Ct. 330.
[8] State v. Evans, 67 Ohio St.3d 405, 407-408, 1993-Ohio-186.
[9] (1997), 519 U.S. 48, 117 S.Ct. 882.
[10] Evans, supra at 409.
[11] Terry, supra at 24.
[12] Evans, supra at 409, citing State v. Andrews (1991),57 Ohio St.3d 86, 565 N.E.2d 1271.
[13] (1993), 508 U.S. 366, 113 S.Ct. 2130.
[14] Id.
[15] Id. at 375-376.
[16] Dickerson, supra. See, also, Evans, supra.